**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

UNITED STATES of AMERICA,

v.                                                    **Criminal No. 2:90cr105-2**

ENRIQUE ALPHONSO GAYLE,

        **Defendant.**


## <u>OPINION and ORDER</u>

This matter is before the Court on Enrique Alphonso Gayle's ("Defendant" or "Gayle")

Motion under Former Rule 35(a) of the Federal Rules of Criminal Procedure ("Former Rule

35(a)").  Doc. 83.[1]  For the reasons that follow, the Court **DENIES** Defendant's Motion.


### I. FACTUAL AND PROCEDURAL HISTORY[2]

On September 26, 1990, a fifty-seven count Indictment against Defendant and several co-

defendants was filed in open court.  Defendant was charged under Counts 1, 4, 21, 29, 42, 50,

51, 54, 55, and 57 of the Indictment.  Defendant now "maintains that his sentence on Counts 21

and 29 are illegal on their face."  Doc. 83 at 4.

Count 21 charged Defendant with aiding and abetting the Distribution and Possession

---

[1] Document numbers are not available for entries made on or prior to July 15, 2005;
references to "Doc." refer to entries made on the Court's electronic docket after July 15, 2005.
<u>See</u> Docket No. 2:90cr105-2.

[2] This history does not reflect the complete factual and procedural history as to
Defendant, but only those events relevant to the present motion.

with Intent to Distribute Cocaine, in an approximate amount of twenty-five (25) kilograms, in or about April 1987, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Indictment at 25.

Count 29 charged Defendant with aiding and abetting the Distribution and Possession with Intent to Distribute Cocaine, in an approximate amount of six (6) kilograms, in or about Summer 1987, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Indictment at 28-29.

On February 12, 1991, a jury found Defendant guilty of Counts 1, 4, 21, 29, 42, 50, and 55.  Docket No. 2:90cr105-2 at 5.  Defendant was acquitted on Count 54, and no forfeiture was ordered under Count 57.  Id.  On April 26, 1991, the Court sentenced Defendant, in part, to thirty (30) years' imprisonment on Count 21, to be followed by five (5) years of supervised release; and thirty (30) years' imprisonment on Count 29, to be followed by five (5) years of supervised release, with all terms of imprisonment and supervised release to run concurrently.  Id.  The Court entered its judgment as to Defendant on May 1, 1991.  Id.

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Defendant's conviction and sentence.  Docket No. 2:90cr105-2 at 6.  On April 29, 1997, Defendant filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255"), which the Court considered on its merits, denied, and dismissed on February 18, 1999.  Docket No. 2:90cr105-2 at 6.  The Fourth Circuit further denied Defendant's motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive application for relief on February 8, 2006.  Doc. 38.

On February 22, 2007, Defendant filed his Motion Pursuant to Federal Rules of Criminal Procedure 35(a) to Correct an Illegal Sentence.  Doc. 83.

## II. Legal Authority and Analysis

Defendant asserts his sentence is illegal on its face under Former Rule 35(a) and runs afoul of the rule set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Doc. 83.  Regardless of whether Defendant's motion is properly considered under either Former Rule 35(a) or § 2255, for the reasons that follow, Defendant's argument is without merit.

### A.  <u>Former Rule 35(a) Motion Contesting an "Illegal Sentence"</u>

Former Rule 35(a) provides, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [, which is 120 days]."  Fed. R. Crim. P. 35(a) (1985); <u>United States v. Rivera</u>, 376 F.3d 86, 91-92 (4th Cir. 2004).  This rule applies only to those offenses completed prior to November 1, 1987.  <u>Rivera</u>, 376 F.3d at 91-92; <u>United States v. Landrum</u>, 93 F.3d 122, 125 (4th Cir. 1996) (citations omitted).  Additionally, the Fourth Circuit has cautioned, respecting "review of sentences," that "[w]here the sentence is within the limit set by the statute, we are barred, except in the most exceptional circumstances, from any inquiry we might otherwise be inclined to make."  <u>United States v. Lewis</u>, 392 F.2d 440, 443 (1968) (citation omitted).

#### 1.  *Application of Former Rule 35(a) Claims Contesting "Illegal Sentences"*

Courts have been specific in defining both what may and may not be considered under Former Rule 35(a) regarding an alleged "illegal sentence."

Respecting what is properly considered, "a [former] Rule 35(a) motion challenging an illegal sentence may be brought only when the sentence imposed exceeds that statutorily-authorized limits, violates the Double Jeopardy Clause, or is ambiguous or internally

contradictory." United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992) (citations omitted); United States v. Hill, 368 U.S. 424, 430 (1962); United States v. Little, 392 F.3d 671, 677, 677 n.9 (4th Cir. 2004) (citations omitted); United States v. Collins, 95 Fed. Appx. 505, 506 (4th Cir. 2004) (unpublished); United States v. Jackson, 119 Fed. Appx. 552, 553 n.1 (4th Cir. 2005) (unpublished).  Therefore, where a Former Rule 35(a) motion does not assert the sentence "exceeds statutory maximums, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory," the motion is properly denied.  Collins, 95 Fed. Appx. at 506.

Accordingly, Former Rule 35(a) does not consider claims "that the conviction underlying a sentence is infirm." Little, 392 F.3d at 678 (citation omitted).  Certain other arguments are not cognizable under Former Rule 35(a), such as "contentions regarding the jury instructions and the alleged failure to arraign [the defendant] pursuant to a superceding indictment." United States v. Arzola-Amaya, 194 Fed. Appx. 231, 232 (5th Cir. 2006) (unpublished), cert. denied, 127 S. Ct. 1139 (2007).  Also, failure of the court to ask a defendant whether he "personally wished to make a statement in his own behalf" at the time of sentencing is not an error properly raised under Former Rule 35(a).  Machibroda v. United States, 368 U.S. 487, 489 (1962) (citation omitted).  "[T]he unconstitutionality of the statute underlying the conviction is not a matter that can be addressed in a [Former] Rule 35(a) motion." United States v. Peltier, 446 F.3d 911, 914 (4th Cir. 2006).

## 2. *Apprendi* Claim and Allegedly Illegal Sentences

Defendant contests his sentences under Counts 21 and 29 as "illegal," and imposed in derogation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Doc. 83.

Regarding Count 21, the maximum term of incarceration was forty (40) years.  21 U.S.C.

§ 841(a)(1) (1987); Indictment at 25.  As Defendant was sentenced to thirty (30) years incarceration, his sentence does not exceed the statutory maximum.  See Docket No. 2:90cr105-2 at 5.

Regarding Count 29, the maximum term of incarceration was forty (40) years.  21 U.S.C. § 841(a)(1) (1987); Indictment at 28-29.  Because Defendant was sentenced to thirty (30) years, his sentence does not exceed the statutory maximum.  See Docket No. 2:90cr105-2 at 5.

Accordingly, neither the sentence under Count 21, nor the sentence imposed on Count 29, are illegal sentences, as they are within the statutory limits.

Moreover, Apprendi is not implicated if the Defendant was sentenced within the statutory limits.  United States v. General, 278 F.3d 389, 393-94 (4th Cir. 2002), cert. denied, 535 U.S. 949 (2002).  Therefore, his Apprendi claim, if properly considered under Former Rule 35(a), fails as well.  See Harris v. United States, No. 2:88cr76, 2005 U.S. Dist. LEXIS 37526 at *8, 14-15 (E.D. Va. June 14, 2005) (Friedman, J.); United States v. Boardley, 20 Fed. Appx. 165, 165 (4th Cir. 2001) (unpublished) ("Assuming without deciding that an Apprendi claim is cognizable in a motion brought under former Rule 35(a)" before affirming that no Apprendi violation was shown).

Defendant does not claim that his sentence is imposed in violation of the Double Jeopardy Clause, or that it is ambiguous or internally contradictory.  Doc. 83.

Therefore, Defendant's claim is without merit under Former Rule 35(a), because his sentence does not exceed the statutory maximum, and he does not claim it violates the Double Jeopardy Clause, or is ambiguous or internally contradictory.

### B.  28 U.S.C. § 2255

"A second or successive motion [under § 2255] must be certified . . .  by a panel of the appropriate court of appeals."  28 U.S.C. § 2255; 28 U.S.C. § 2244.  Defendant has previously filed a motion under § 2255.  See Docket No. 2:90cr105-2 at 6.  It is worth noting the similarity between this case and that which the Fourth Circuit considered in United States v. Grandison, 85 Fed. Appx. 320 (4th Cir. 2003) (unpublished).  In Grandison, the Fourth Circuit considered a defendant's assertion under Former Rule 35(a) that "his sentence violates the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not charge" an element of the offense subsequently found by a judge, which allowed the imposition of a greater sentence.  85 Fed. Appx. at 321.  The Fourth Circuit determined "the motion Grandison filed in the district court is best characterized as attempt to file a successive § 2255 motion," while noting the defendant's direct appeal had concluded and that his two previous § 2255 motions had been denied.  Grandison, 85 Fed. Appx. at 321.

As this motion, if appropriately construed under § 2255, would be a second or successive motion, this Court is without jurisdiction to consider it.  United States v. Winestock, 340 F.3d 200, 202, 205 (4th Cir. 2003) (citation omitted).


### III.  CONCLUSION

Accordingly, Defendant's motion, whether considered a motion under Former Rule 35(a) to correct an illegal sentence, or a § 2255 claim, is without merit.  Therefore, for the reasons stated herein, Defendant's Motion under Former Rule 35(a) is **DENIED**.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a

written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk,

Virginia 23510.  Said written notice must be received by the Clerk within ten (10) days from the

date of this Opinion and Order.  If Petitioner wishes to proceed <u>in forma pauperis</u> on appeal, the

application to proceed <u>in forma pauperis</u> is to be submitted to the Clerk, United States Court of

Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of

Record for the United States, and the Defendant.

It is so **ORDERED**.

_____/s/_____
*Henry Coke Morgan, Jr.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 23, 2007